NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GENESIS INTERNATIONAL HOLDINGS, INTERNATIONAL INFRASTRUCTURE CONSORTIUM and BOBAN JOVANOVIC | : : : : : | **Hon. Dennis M. Cavanaugh** **OPINION** |
| Plaintiffs, | : : | Civil Action No. 05-CV-4487 (DMC) |
| v. | : : | |
| NORTHROP GRUMMAN CORPORATION, MR. DONALD WILHELM, MS. PEGGY HEWINSON, US ALGERIA BUSINESS COUNCIL, SONATRACH CORPORATION, HALLIBURTON CORPORATION, BOEING CORPORATION, ANADARKO CORPORATION, LOCKHEED MARTIN CORPORATION, ET AL., | : | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant The Boeing Company's ("Boeing") Rule 12(b)(6) motion to dismiss the Amended Complaint filed by *pro se* Plaintiffs Genesis International Holdings ("Genesis"), International Infrastructure Consortium ("IIC") and Boban Jovanoic ("Jovanoic") (collectively "Plaintiffs"). No oral argument was heard pursuant to Rule 78.. For the reasons set forth below, Defendant Boeing's motion is **granted**.

## I. BACKGROUND

Plaintiffs Genesis International Holdings ("Genesis"), International Infrastructure Consortium ("IIC") and Boban Jovanoic ("Jovanoic") (collectively "Plaintiffs") filed the Complaint in the instant action on September 14, 2005, asserting a lengthy list of tort and other claims against more than twenty-five defendants. Plaintiffs seek damages and injunctive and declaratory relief. On September 22, 2005, Plaintiffs filed an Amended Complaint correcting the names of some of the corporate defendants, adding an anti-trust claim alleging violation of the Sherman Act, and other minor changes. The Court notes that subsequent to Boeing's filing of the instant motion to dismiss, on December 30, 2005, Plaintiffs filed a Second Amended Complaint without leave of court. Defendant Boeing filed the instant motion to dismiss on November 22, 2005, and no opposition was submitted.

As a preliminary matter, it should be noted that Plaintiff Boban Jovanovic brought this action *pro se* on his own behalf as a shareholder and in his capacity as "honorary president" of Genesis International and International Infrastructure Consortium. Am. Comp. at ¶5. It is a long established principle of law that a corporation may appear in a court of record only by an attorney at law. See Osborn v. President, Directors and Company of the Bank of the United States, 22 U.S. 738, 830(1824); Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966); MacNeil v. Hearst Corp., 160 F.Supp. 157, 159 (D.Del.1958) ("a corporation can do no act except through its agents and...such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control.")

It appears from the Complaint that Plaintiffs Genesis International and International Infrastructure Consortium are not represented by counsel. As such, their claims are not properly

before the Court and must be dismissed. Accordingly, the Court dismisses any and all claims against all Defendants asserted on behalf of Plaintiffs Genesis International and International Infrastructure Consortium. Thus, only Plaintiff Bob Jovanovic's claims remain. The Court will only examine his claims against Defendant Boeing with regard to the instant motion to dismiss.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could

possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano, 75 F.R.D. 497 (1977).

## III. DISCUSSION

In support of its motion to dismiss, Defendant Boeing avers that Plaintiffs fail to make any allegation against Boeing in their Complaint. It highlights the fact that Boeing was not mentioned anywhere in either the Original or Amended Complaint except for the single mention of "The Boeing Corporation" in the caption. However, recognizing the more liberal standard which this Court applies to pro se litigants, Defendant Boeing assumes for the sake of argument that it could fall into the category of parties defined as "[o]ther Corporate Defendants [who] were or still are board or corporate members of the US-ABC Business Council, at time Torts were committed against plaintiffs." See Am. Comp. at ¶7. Even if the Court construes Defendant Boeing under this category, Plaintiffs have failed to allege any basis for the Court the hold Boeing liable for the alleged actions of other members of the ABC-US.

The gravamen of Plaintiffs' claims appear to relate to the drafting and distribution of a letter by Defendant Donald Wilhelm to Plaintiffs Genesis and Boban Jovanovic. Plaintiffs admit that the letter was "expressly signed" by Mr. Wilhelm in his capacity as Chairman of the US-ABC and, or, as Vice President of Northrop Grumman. Plaintiffs contend that because of the use of the plural "we" and "us-our" in the letter, the author was "acting on behalf of and representing opinions and decisions of some or all US-ABC Council board and corporate members.

The Court finds that this allegation is insufficient to state a claim against Defendant Boeing. There is no allegation that Boeing was acting as other than a board member or corporate member of

the US-ABC.  Absent allegations of direct involvement by Boeing in the alleged tortious behaviour, Boeing cannot be held vicariously liable for the acts of the US-ABC or of its Chairman.

In light of the above, Plaintiffs have failed to state a claim against Defendant Boeing upon which relief may be granted.  Thus, Plaintiffs' claims with regard to Defendant Boeing must be dismissed.

## CONCLUSION

Based on the foregoing, Defendant Boeing's motion to dismiss Plaintiff's claims as to The Boeing Company is **granted**, and Plaintiff's claims as to Defendant Boeing are dismissed. As such, Defendant Boeing is hereby terminated from this action.  Additionally, because Corporate Plaintiffs Genesis International and International Infrastructure Consortium are not represented by counsel, their claims are not properly before the Court and must be dismissed.  An appropriate Order accompanies this Opinion.

      S/  Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date:       January 17, 2006
Original:   Clerk's Office
cc:        All Counsel of Record
           File