NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENESIS INTERNATIONAL HOLDINGS, INTERNATIONAL INFRASTRUCTURE CONSORTIUM and BOBAN JOVANOVIC : <br><br> Plaintiffs, <br><br> v. <br><br> US-ALGERIA BUSINESS COUNCIL, MR. JIM BAILEY, DR. ISMAEL CHIKHOUNE, MR. LAMINE DJILANI, MS. ELIZABETH LORD STUART, ARAB BANKING CORPORATION, BURLINGTON RESOURCES INC., et al. <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 05-CV-4487 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions[1] of Defendants US-Algeria Business Council, Mr. Jim Bailey, Dr. Ismael Chikhoune, Mr. Lamine Djilani, Ms. Elizabeth Lord Stuart, Arab Banking Corporation and Burlington Resources, Inc. (collectively "Defendants") for dismissal of the Second Amended Complaint filed by *pro se* Plaintiffs Genesis International Holdings ("Genesis"), International Infrastructure Consortium ("IIC") and Boban Jovanovic ("Jovanovic") (collectively "Plaintiffs"). Defendants move for dismissal pursuant to Fed. R. Civ. Pr. 12(b)(2). No oral argument was heard pursuant to Rule 78. For the reasons set forth below,

---

[1] Nine motions to dismiss are currently pending before this Court, filed by the twenty-five defendants on a variety of grounds. This Opinion addresses three of those nine motions.

Defendants' motions are **granted**.

## I. BACKGROUND

Plaintiffs filed the Original Complaint in the instant action on September 14, 2005, asserting a lengthy list of tort and other claims against more than twenty-five defendants. Plaintiffs seek damages and injunctive and declaratory relief. On December 30, 2005, Plaintiffs filed a Second Amended Complaint ("SAC") alleging three additional claims for relief.[2] Defendants filed motions to dismiss on February 10, 2006. Plaintiffs oppose all Defendants' motions.

Plaintiffs' claims center around a September 14, 2004 letter and September 15, 2004 email and/or fax. Plaintiffs allege that in September 2004, Donald Wilhelm, Vice President of Northrop Grumman Company and Chairman of the US-Algeria Business Council ("US-ABC") wrote an offending letter to Plaintiffs. (SAC ¶163.) The offending letter requested that Plaintiffs voluntarily withdraw from the US-ABC on the grounds that Plaintiffs "were inappropriately claiming some manner of affiliation with certain individuals and certain entities and [that] Genesis had an uneven history while [sic] paying its financial obligations." (SAC ¶164.) The SAC further alleges that Defendants "conspired, via fax machine, forward via email and advise via telephone September 14, 2005 offending letter, to plaintiffs Genesis and Bob Jovanovic,

---

[2] Plaintiff asserts the following claims in his Second Amended Complaint: "1) Intentional Inducement of a Breach of Contract and Conspiracy to intentionally induce a Breach of Contract 2) Tortuous [Sic] Interference with Business Relations and Tortuous [Sic] Interference with Prospective Economic Advantage and Conspiracy to Tortuously [Sic] Interfere with Prospective Economic Advantage 3) Tortuous [Sic] Interference with Contractual Relations and Conspiracy to Tortuously [Sic] Interfere with Contractual Relations 4) Libel, Slander and Defamation and Conspiracy to Libel, Slander and Defame, 5) Intentional Infliction of Emotional Distress and Conspiracy to Inflict Emotional Distress, 6) Anti-Trust through Boycott, Refusal to Deal, Monopoly of Relevant Market, Refusal of Access to Essential Facility and Through Conspiracy to Boycott, Conspiracy to Refuse to Deal, Conspiracy to Monopolize Relevant Market, and Conspiracy to Refuse Access to Essential Facility, 7) Fraud, Misrepresentation and Deceit and Conspiracy to Defraud and Conspiracy to Misrepresent Truth and Conspiracy to Deceit, 8) Extortion and Attempted Extortion, 9) Breach of Fiduciary Duty, and 10) Injunctive and Declaratory Relief."

through...Fax System, mail systems and or other telephone systems to Plaintiff Genesis New Jersey based on fax and telephone number." (SAC ¶168.) Plaintiffs allege that as a response to receiving a copy of the letter, the Minister of Public Works for Algeria terminated a prior "agreement" that it had with Genesis or IIC to develop a transportation project in Algeria. (SAC ¶190-96, 215.) Plaintiffs also allege that upon Jovanovic himself informing the Abidjan government of his situation, the Abidjan government put a planned "Urban Train Project" with Plaintiffs on hold. (SAC ¶199-201).

## II. DISCUSSION

As a preliminary matter, it should be noted that Plaintiff Boban Jovanovic brought this action *pro se* on his own behalf as a shareholder and in his capacity as "honorary president" of Genesis International and International Infrastructure Consortium. (SAC at ¶10-13.) It is a long established principle of law that a corporation may appear in a court of record only by an attorney at law. See Osborn v. President, Directors and Company of the Bank of the United States, 22 U.S. 738, 830 (1824); Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966); MacNeil v. Hearst Corp., 160 F.Supp. 157, 159 (D.Del.1958) ("a corporation can do no act except through its agents and...such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control.")

It appears from the Complaint that Plaintiffs Genesis International and International Infrastructure Consortium are not represented by counsel. As such, their claims are not properly before the Court and must be dismissed. Accordingly, the Court dismisses any and all claims against all Defendants asserted on behalf of Plaintiffs Genesis International and International Infrastructure Consortium. Thus, only Plaintiff Bob Jovanovic's ("Jovanovic") claims remain.

As such, in this Opinion the Court will only address Jovanovic's claims against Defendants.

**A) Standard of Review**

A motion made pursuant to Rule 12(b)(2) "requires resolution of factual issues outside the pleadings." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 (3d Cir.1984). Unlike a motion made pursuant to Rule 12(b)(6), the allegations in the complaint cannot simply be assumed to be true, nor can the factual inquiry be deferred, at least with respect to the facts on which jurisdiction depends. Id. A court must determine at the outset whether jurisdiction will lie, before jurisdiction is exercised. Id. Consequently the plaintiff must respond to a personal jurisdiction defense with actual proofs, not simply with mere allegations, and may not rely on the pleadings alone to carry its burden of establishing the jurisdictional facts. Id.

Personal jurisdiction arises when a defendant "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). In other words, the defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). To demonstrate such conduct, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984)).

**B) The United States-Algeria Business Council ("US-ABC"), Dr. Jim Bailey and the Individual Defendants**

The US-ABC is a District of Columbia non-profit corporation organized for the purpose of promoting commerce between and among business entities based in the United States and Algeria. (See Aff. of James H. Bailey on behalf of the US-ABC "US-ABC Aff." ¶¶2,3.) The US-ABC maintains its primary place of business and corporate headquarters in Arlington, Virginia. (US-ABC Aff. ¶2.) The US-ABC is not licensed or qualified to do business in the State of New Jersey. (Id. at ¶4.) The US-ABC does not have an agent for service of process in New Jersey. (Id.) It does not own, lease or otherwise control any property, asset or bank account within the State of New Jersey. (Id. at ¶5.) Also, it does not maintain, nor has it ever maintained any office, place of business, mailing address or phone number in the State of New Jersey. (Id. at ¶6.) None of the US-ABC's employees reside in New Jersey. (Id. at ¶7.) The US-ABC does not contract to supply services or solicit business in New Jersey. (Id. at ¶8.)

Mr. James H. Bailey is an attorney in the District of Columbia who represents the US-ABC. (See Affidavit of James H. Bailey ("Bailey Aff.") ¶2,3). He is not a resident of New Jersey and does not and has not ever owned or maintained a place of business in New Jersey. (Id. ¶3.) Mr. Bailey does not have an agent for service of process in New Jersey and does not rent or own office space in New Jersey. (Id. ¶4.) He does not own now, and has never owned any real property or assets in New Jersey or had a bank account in New Jersey. (Id. ¶5.) He does not pay personal taxes in New Jersey. (Id.) Over the last ten years, Mr. Bailey has had one New Jersey based client and he has occasionally traveled to New Jersey to work with this client. (Id. ¶6.)

Dr. Ismael Chikhoune, Lamaine Djilani, and Elisabeth Lord Stuart ("Individual Defendants") have filed affidavits with the Court averring substantially similar facts. Dr. Chikhoune is the President and Chief Executive Officer of the US-ABC. Mr. Lamaine Djilani is the Vice-Chair for Development for the US-ABC. Ms. Stuart is also an employee of US-ABC. All three defendants aver they are not residents of New Jersey. (Aff. of Smail Chikhoune ("Chikhoune Aff.") ¶¶2,3; Aff. of Lamaine Djilani, ("Dijilani Aff.") ¶¶2,3; Aff. of Elisabeth Lord Stuart ("Stuart Aff.") ¶¶2,3.) Individual Defendants do not and have not ever owned or maintained a place of business in New Jersey. (Chikhoune Aff. at ¶3; Dijilani Aff. at ¶3; Stuart Aff. at ¶3.) None of the three Individual Defendants have an agent for service of process in New Jersey. (Id.) They do not now maintain, and have never maintained an office, mailing address or telephone number in New Jersey. (Id. ¶4.) They do not own now, and have never owned any real property or assets in New Jersey or had a bank account in New Jersey. (Id. ¶6.) They have never paid nor been required to pay personal taxes in New Jersey. (Id. ¶6.) Finally, they are not now and have never been licensed to perform any professional services under the laws of New Jersey. (Id. ¶5.)

The US-ABC, the Individual Defendants and Mr. Bailey argue that this Court lacks specific and general jurisdiction. This Court will address each concept in turn.

*Specific Jurisdiction*

"Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir.2000) (quoting Burger King, 471 U.S. at 472). The Third Circuit has advised courts

-6-

to apply a two-pronged test to determine whether the exercise of specific jurisdiction is consistent with due process.  First, the plaintiff must establish that the defendant has the constitutionally required "minimum contacts" with the forum.  See IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir.1998). Second, the court must make a discretionary determination that the exercise of jurisdiction would "comport with traditional notions of fair play and substantial justice." Id. (quotations omitted).

For minimum contacts to be present, a defendant must have purposely availed itself of the privilege of acting within the forum state, thus invoking the benefits and protections of forum law, such that it could have reasonably anticipated being haled into court there. See Burger King Corp. v. Rudzewicz, 471 U.S. at 475.  Plaintiff avers that minimum contacts are present in the instant case because Defendants exercised "minimum contact with the State of New Jersey in a form of mailing faxing and telephoning tortous [sic] and false/fraudulent statements into said forum as a basis for jurisdiction."  (Pl. Opp. at 44.)  Plaintiff also argues that he "personally suffered the brunt of the harm in New Jersey."(Pl. Opp. Br. at 42.)

The only alleged contact between New Jersey and the US-ABC, Dr. Bailey and the Individual Defendants is the effect of the alleged defamation upon Plaintiff, who is a New Jersey resident.  Thus, this Court must apply the three-part "effects" test set forth in IMO Industries, under which jurisdiction is only proper if 1) defendant committed an intentional tort; 2) the plaintiff felt the brunt of the harm caused by the tort in the forum state; and 3) the defendant expressly aimed his tortious conduct at the forum state.  Id. at 256 (citing Calder v. Jones, 465 U.S. 783, 789 (1984)).

Plaintiff has alleged intentional torts against the US-ABC, Dr. Jim Bailey and the

Individual Defendants, satisfying the first prong of the effects test.  However, Plaintiff cannot satisfy the second and third prongs of this test.  Although Plaintiff claims to have felt the brunt of the harm in New Jersey, he has offered no proof for his conclusory allegation.  From the record before the Court, the allegedly defamatory letter appears to have been sent via fax to Jovanovic, and then via email on September 15, 2004 to the various board members of the US-ABC.  However, in his pleadings, Plaintiff alleges that the offending letter caused Plaintiff's interests in two foreign business investments to suffer.  Although it may well be the case that Jovanovic will suffer some harm in New Jersey, it cannot be said that the brunt of the harm to Plaintiff caused by the letter will be felt in New Jersey.  Rather, the focal point of the harm to Plaintiff is in Algeria and the Ivory Coast.  Furthermore, the third prong of the test requires the moving Defendants to have expressly aimed their harm at the forum state.  Here, there is no indication that they aimed their conduct at New Jersey.  Rather, the email was addressed to various US-ABC board members, many of whom, due to the international nature of the organization, the Court assumes reside in foreign countries.  The letter was not sent to anyone in New Jersey other than Plaintiff himself.

Plaintiff has failed to satisfy the effects test set forth in <u>IMO Industries</u>.  As a result, Plaintiff has failed to show US-ABC, Mr. Jim Bailey and the Individual Defendants had minimum contacts with New Jersey.  Thus, the Court finds that it cannot exercise specific jurisdiction over these Defendants.

### *General Jurisdiction*

General jurisdiction exists when a defendant engages in "continuous and systematic" contacts with the forum state, whether or not the contacts are related to the injury giving rise to

the cause of action. Remick, 238 F.3d at 255. The greater reach of general jurisdiction requires "significantly more than mere minimum contacts," and the plaintiff seeking to exert general jurisdiction must show that the defendant's contacts with the forum are "continuous and substantial." Provident Nat'l Bank, 819 F.2d at 437 (citations omitted).  The threshold for the exercise of general jurisdiction, then, is significantly higher than for the exercise of specific jurisdiction. Amberson Holdings LLC, Inc. v. Westside Story Newspaper, 110 F.Supp.2d 332, 334 (D.N.J.2000) (citing Provident Nat'l Bank, 819 F.2d at 437).

      To support the exercise of jurisdiction over this action, Plaintiff would have to show that Defendants' contacts with the State of New Jersey are sufficiently continuous and systematic. However, because Plaintiff has failed to establish specific jurisdiction, and because Plaintiff must show more than the mere minimum contacts needed to establish specific jurisdiction to support a finding of general jurisdiction, the Court finds that it lacks personal jurisdiction over Defendants. Accordingly, Plaintiff's claims against Defendant US-ABC and Individual Defendants Bailey, Chikhoune, Djilani, and Stuart must be dismissed.

**C) Defendant Burlington Resources, Inc.**

      Defendant Burlington Resources, Inc.("Burlington") is a holding company, incorporated in Delaware and headquartered in Houston, Texas.  (Affidavit of Jeff Monte ("Monte Aff.") ¶2.) It does not own, lease or possess any property in New Jersey, nor does it own any assets located in New Jersey.  (Id. ¶3.) Burlington has no bank accounts located in New Jersey.  (Id. ¶3.) Burlington is not licensed or registered to do business in New Jersey, is not required to pay taxes in New Jersey, does not pay taxes in New Jersey, and does not have an agent for service of process in the State.  (Id. ¶7.)

*General Jurisdiction*

Plaintiff has failed to show that Burlington has continuous and systematic contacts within New Jersey. The Court has reviewed the available record, including the affidavit submitted on behalf of Burlington, and finds that Burlington does not have the requisite contacts with the State of New Jersey so as to subject it to general jurisdiction.

*Specific Jurisdiction*

Because this Court has determined general jurisdiction is lacking over Burlington, Plaintiff must be able to show Burlington is subject to specific jurisdiction to survive Burlington's motion to dismiss. As noted above, under Third Circuit jurisprudence, Plaintiff must first establish that Defendant Burlington has the constitutionally required "minimum contacts" with the forum. IMO Industries, 155 F.3d at 259. The Court finds that Plaintiff has failed to establish that Burlington has the requisite minimum contacts with New Jersey. In his Complaint, Plaintiff does not make any allegations that relate to activity purposefully directed toward the State of New Jersey by Burlington related to the underlying claims. Further, for the same reasons discussed in relation to US-ABC and the Individual Defendants, above, Plaintiff's claims relating to the effects of the letter in New Jersey as to Burlington do not succeed under the effects test set forth in IMO Industries. Therefore, Plaintiff's claims against Burlington must be dismissed for lack of personal jurisdiction.

**D) Defendant Arab Banking Corporation**

Defendant Arab Banking Corporation ("Arab Banking") is a foreign banking operation incorporated and headquartered in Manama, Bahrain. (See Affidavit of Robert Ivosevich "Ivosevich Aff.") ¶2.) Arab Banking has one office in the United States, located in New York,

New York. (Ivosevich Aff. ¶3.) Arab Banking has no facilities or operation of any kind in New Jersey. (Id. ¶4.) Arab Banking is not licensed or registered to do business in New Jersey, is not required to pay taxes in New Jersey, and does not have an agent for service of process in New Jersey. (Id. ¶7.) According to Mr. Ivosevich's affidavit, in the past eight years Arab Banking has conducted two transactions with New Jersey based companies with an aggregate value of $8.8 million.

### *General Jurisdiction*

The Court finds that Plaintiff has failed to prove that Arab Banking has continuous and systematic contacts in New Jersey to such an extent that general jurisdiction would be proper. A review of the record demonstrates that Arab Banking has not such a presence in New Jersey that it reasonably should expect to be haled into court here. Rather, Arab Banking appears to be a foreign banking institution with little to no contact with the State of New Jersey. Its only transactions that involved New Jersey companies appear to have been of a limited nature and represented a minuscule percentage of Arab Banking's total assets of $17.6 billion. Plaintiff has failed to provide the Court with any evidence that would justify a finding of general jurisdiction.

### *Specific Jurisdiction*

Because this Court may not exercise general jurisdiction over Arab Banking, Plaintiff must show that Arab Banking had the requisite minimum contacts with New Jersey so as to justify an exercise of specific jurisdiction. Here, as discussed above, Plaintiff's allegations center around the September 14, 2005 letter and September 15, 2005 email/fax supposedly sent by US-ABC President Donald Wilhelm to the Government of Algeria. Plaintiff's claims against Arab Banking arise from its membership at some point in the US-ABC.

The Court finds that Arab Banking does not have the minimum contacts to justify the exercise of specific jurisdiction. Rather, Plaintiff fails to allege in his Complaint any activity purposefully directed by Arab Banking toward New Jersey related to the underlying claims. Also, for the reasons discussed above, Plaintiff's allegations based on the effect of the letter are insufficient to establish specific jurisdiction. As such, this Court finds itself without specific jurisdiction over Arab Banking. Thus, Plaintiff's claims against Arab Banking must be dismissed for lack of personal jurisdiction.

### III. CONCLUSION

Based on the foregoing, the motions of Defendants US-Algeria Business Council, Mr. Jim Bailey, Dr. Ismael Chikhoune, Mr. Lamine Djilani, Ms. Elizabeth Lord Stuart, Arab Banking Corporation and Burlington Resources, Inc., to dismiss Plaintiff's claims for lack of personal jurisdiction are **granted**. Additionally, because Corporate Plaintiffs Genesis International and International Infrastructure Consortium are not represented by counsel, their claims are not properly before the Court and must be **dismissed**. An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date: April 27, 2006  
Original: Clerk's Office  
cc: All Counsel of Record  
    File