NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENESIS INTERNATIONAL HOLDINGS, INTERNATIONAL INFRASTRUCTURE CONSORTIUM and BOBAN JOVANOVIC<br><br>Plaintiffs,<br><br>v.<br><br>US-ALGERIA BUSINESS COUNCIL, MR. JIM BAILEY, DR. ISMAEL CHIKHOUNE, MR. LAMINE DJILANI, MS. ELIZABETH LORD STUART, ARAB BANKING CORPORATION, BURLINGTON RESOURCES INC., et al.<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-4487 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motions of Defendant Gulf Keystone Petroleum, Ltd. ("Gulf Keystone") and Individual Defendants Donald Wilhelm, Peggy Hewinson and Ali Jazairy ("Individual Defendants") for dismissal of the Second Amended Complaint filed by *pro se* Plaintiff Boban Jovanovic[1] ("Plaintiff"). Defendants move for dismissal pursuant to Fed. R. Civ. Pr. 12(b)(2). No oral argument was heard pursuant to Rule 78. For the reasons set forth below, Defendants' motions are **granted**.

---

[1] In an Opinion dated April 27, 2006, this Court dismissed all claims alleged by Corporate Plaintiffs Genesis International and International Infrastructure Consortium as they are not represented by counsel and therefore their claims were not properly before this Court. As such, this Opinion will address Defendants' motions as they relate to remaining Plaintiff Jovanovic's claims.

**I. BACKGROUND**

Plaintiff filed the Original Complaint in the instant action on September 14, 2005, asserting a lengthy list of tort and other claims against more than twenty-five defendants. Plaintiff seeks damages and injunctive and declaratory relief. On December 30, 2005, Plaintiff filed a Second Amended Complaint ("SAC") alleging three additional claims for relief.[2] Defendant Gulf Keystone filed a motion to dismiss Plaintiff's Complaint on January 23, 2006. Individual Defendants filed a motion to dismiss on February 10, 2006. Plaintiff opposes all Defendants' motions. In an Opinion issued April 27, 2006, this Court granted several motions to dismiss on jurisdictional grounds filed by other Defendants in this action, including Defendants US-Algeria Business Council, Mr. Jim Bailey, Dr. Ismael Chikhoune, Mr. Lamine Djilani, Ms. Elizabeth Lord Stuart, Arab Banking Corporation and Burlington Resources, Inc.

Plaintiff's claims center around a September 14, 2004 letter and September 15, 2004, email and/or fax. Plaintiff allege that in September 2004, Donald Wilhelm, Vice President of Northrop Grumman Company and Chairman of the US-Algeria Business Council ("US-ABC") wrote an offending letter to Plaintiff. (SAC ¶163.) The offending letter requested that Genesis International, a company owned by Plaintiff, voluntarily withdraw from the US-ABC on the grounds that Genesis "w[as] inappropriately claiming some manner of affiliation with certain individuals and certain entities and [that] Genesis had an uneven history while [sic] paying its

---

[2] Plaintiff asserts the following claims in his Second Amended Complaint: "1) Intentional Inducement of a Breach of Contract and Conspiracy to intentionally induce a Breach of Contract 2) Tortuous [Sic] Interference with Business Relations and Tortuous [Sic] Interference with Prospective Economic Advantage and Conspiracy to Tortuously [Sic] Interfere with Prospective Economic Advantage 3) Tortuous [Sic] Interference with Contractual Relations and Conspiracy to Tortuously [Sic] Interfere with Contractual Relations 4) Libel, Slander and Defamation and Conspiracy to Libel, Slander and Defame, 5) Intentional Infliction of Emotional Distress and Conspiracy to Inflict Emotional Distress, 6) Anti-Trust through Boycott, Refusal to Deal, Monopoly of Relevant Market, Refusal of Access to Essential Facility and Through Conspiracy to Boycott, Conspiracy to Refuse to Deal, Conspiracy to Monopolize Relevant Market, and Conspiracy to Refuse Access to Essential Facility, 7) Fraud, Misrepresentation and Deceit and Conspiracy to Defraud and Conspiracy to Misrepresent Truth and Conspiracy to Deceit, 8) Extortion and Attempted Extortion, 9) Breach of Fiduciary Duty, and 10) Injunctive and Declaratory Relief."

financial obligations." (SAC ¶164.) The SAC further alleges that this letter was a part of a conspiracy on the part of all Defendants. (SAC ¶168.) Plaintiff alleges that as a response to receiving a copy of the letter, the Minister of Public Works for Algeria terminated a prior "agreement" that it had with Genesis or International Infrastructure Consortium, another company owed by Plaintiff, to develop a transportation project in Algeria. (SAC ¶190-96, 215.) Plaintiff also alleges that upon Plaintiff himself informing the Abidjan government of his situation, the Abidjan government put a planned "Urban Train Project" with Plaintiff on hold. (SAC ¶199-201).

## II. DISCUSSION

### A) Standard of Review

A motion made pursuant to Rule 12(b)(2) "requires resolution of factual issues outside the pleadings." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 (3d Cir.1984). Unlike a motion made pursuant to Rule 12(b)(6), the allegations in the complaint cannot simply be assumed to be true, nor can the factual inquiry be deferred, at least with respect to the facts on which jurisdiction depends. Id. A court must determine at the outset whether jurisdiction will lie, before jurisdiction is exercised. Id. Consequently the plaintiff must respond to a personal jurisdiction defense with actual proofs, not simply with mere allegations, and may not rely on the pleadings alone to carry its burden of establishing the jurisdictional facts. Id.

Personal jurisdiction arises when a defendant "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). In other words, the defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). To demonstrate such

conduct, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984)).

**B) Defendant Gulf Keystone**

Gulf Keystone moves for dismissal on the grounds that this Court lacks personal jurisdiction over Gulf Keystone. According to its certification, Gulf Keystone is a Bermuda corporation with its principal place of business in Hamilton, Bermuda. (See Certification of Todd Frances Kozel ("Kozel Cert.") ¶3.) It also has offices in the United Kingdom and in Algeria. (Kozel Cert. at ¶3.) Gulf Keystone is engaged in the exploration and development of oil and gas fields in North Africa and the Middle East. (Id. at ¶4.) Gulf Keystone is not qualified to do business in New Jersey, and does not and has never conducted business in the State of New Jersey. (Id. at ¶5.) Further, it has never paid or incurred taxes in New Jersey. (Id. at ¶6.) It does not have an agent for service of process in New Jersey. (Id. at ¶7.) Gulf Keystone does not and has never maintained an office or place of business in New Jersey. (Id. at ¶8.) It owns no real estate, and has no bank accounts or other investments located in New Jersey. (Id. at ¶9.) Finally, Gulf Keystone does not advertise, manufacture products, or provide any services in the State of New Jersey. (Id. at ¶10.)

General jurisdiction exists when a defendant engages in "continuous and systematic" contacts with the forum state, whether or not the contacts are related to the injury giving rise to the cause of action. Remick v. Manfredy, 238 F.3d 248, 255. (3d. Cir. 2001.) From the evidence presented to the Court, it appears that Plaintiff has failed to meet its burden of showing that Gulf Keystone has contacts that could be described as continuous and systematic with the State of

New Jersey.  Rather, it appears that Gulf Keystone is a foreign corporation with little to no contact with the State of New Jersey.  As such, this Court may not exercise general jurisdiction over Gulf Keystone.

"Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir.2000) (quoting Burger King, 471 U.S. at 472).  The Third Circuit has advised courts to apply a two-pronged test to determine whether the exercise of specific jurisdiction is consistent with due process.  First, the plaintiff must establish that the defendant has the constitutionally required "minimum contacts" with the forum. See IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir.1998). Second, the court must make a discretionary determination that the exercise of jurisdiction would "comport with traditional notions of fair play and substantial justice." Id. (quotations omitted).

Here, Plaintiff has failed to identify any activity that Gulf Keystone directed toward the State of New Jersey so as to give rise to any of his claims.  Nevertheless, Plaintiff asks this Court to exercise specific jurisdiction based on the fact that the offending letter mailed to Plaintiff was attached to an email sent to Gulf Keystone.  However, Plaintiff fails to allege that either the letter or the email were written by Gulf Keystone.  Also, this Court has previously found, in its Opinion dated April 26, 2006, that the effect of the letter was to cause Plaintiff to feel the brunt of the harm in Algeria and the Ivory Coast, and not in the State of New Jersey.  (See Opinion, April 26, 2006; See also William Rosenstein & Sons Co. v. BBI Produce, Inc., 123 F.Supp 2d 268 (M.D.Pa.).  Plaintiff has not met its burden in establishing that Gulf Keystone has the constitutionally required minimum contacts with the State of New Jersey to provide for specific jurisdiction over Gulf Keystone.  Thus, having also failed to establish general jurisdiction,

Plaintiff's claims against Gulf Keystone must be dismissed for lack of personal jurisdiction.

**C) Individual Defendants Wilhelm, Hewinson and Jazairy**

The Individual Defendants have submitted affidavits on their behalf attesting to the fact that they lack the "systemic and continuous" contact required for this Court to exercise general jurisdiction. None of the three Individual Defendants have ever lived in New Jersey, owned property in New Jersey, or paid income taxes in New Jersey. See Wilhelm Decl. at ¶¶1-5; Hewinson Decl. at ¶¶1-5, Jazairy Decl. at ¶¶1-5. None of the Individual Defendants are professionally licensed in New Jersey or hold any New Jersey certifications or licenses. Id. None of the Individual Defendants travel to New Jersey for personal or professional reasons. Id. None of the Defendants engage in any personal or professional activities in New Jersey. Id. Based on the affidavits of the Individual Defendants, and Plaintiff's failure to provide the Court with evidence to the contrary, the Court finds that the Individual Defendants lack sufficient contacts to allow this Court to exercise general jurisdiction.

The Individual Defendants maintain that this Court also lacks the authority to exercise specific jurisdiction over the Individual Defendants. As stated above, a Court must first decide whether a defendant has sufficient minimum contacts related to the underlying claims with a forum state in making a specific jurisdiction determination. IMO Indus., 155 F.3d at 259.

The Court finds that it cannot exercise specific jurisdiction over the Individual Defendants due to a lack of minimum contacts. With respect to Defendant Hewinson, the SAC does not allege any connections between Ms. Hewinson and New Jersey. The only action which Plaintiff contends gives rise to liability on her part is that she supposedly emailed a copy of the September 14, 2004 letter to the US-ABC Board Members. SAC ¶171. None of these Board Members are alleged to reside in New Jersey. This is insufficient to sustain a finding of minimum contacts with the state and the claims against Defendant Hewinson must be dismissed.

With respect to Defendant Jazairy, Plaintiff mentions in his Complaint that Mr. Jazairy traveled to New Jersey for a meeting held at Plaintiff's request in his offices. SAC ¶184. However, this is merely an background fact about Mr. Jazairy and does not bear on any alleged tortious behavior by Mr. Jazairy directed toward New Jersey. A single trip into the State of New Jersey for an unrelated cause of action is insufficient to constitute minimum contacts. See Helicopteros Nacionales de Columbia, 466 U.S. at 418. Thus, this Court does not have specific or personal jurisdiction over Defendant Jazairy.

Plaintiff alleges that Defendant Wilhelm sent the September 14, 2004 letter to Plaintiff at his New Jersey address, and maintains that this action is sufficient to subject Mr. Wilhelm to personal jurisdiction in the State of New Jersey. However, Third Circuit jurisprudence rejects Plaintiff's contention. Rather, "the weight of authority among the courts of appeal is that minimal communication between the defendant and the plaintiff in the forum state, without more, will not subject the defendant to the jurisdiction of the state's court system." IMO Indus., 155 F.3d at 260. Plaintiff has not provided this Court with proof of any other contact with the State of New Jersey had by Mr. Wilhelm other than the sending of the offensive letter. As such, this Court must dismiss Plaintiff's claims against Defendant Wilhelm.

### III. CONCLUSION

Based on the foregoing, Defendant Gulf Keystone Petroleum, Ltd. and Individual Defendants Donald Wilhelm, Peggy Hewinson and Ali Jazairy motions to dismiss Plaintiff's claims for lack of personal jurisdiction are **granted**. An appropriate Order accompanies this Opinion.

Date:       April 28, 2006                                       S/ Dennis M. Cavanaugh
                                                                 Dennis M. Cavanaugh, U.S.D.J.

Original:   Clerk's Office
cc:         All Counsel of Record