NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENESIS INTERNATIONAL HOLDINGS, INTERNATIONAL INFRASTRUCTURE CONSORTIUM and BOBAN JOVANOVIC<br><br>Plaintiffs,<br><br>v.<br><br>AMERADA HESS CORP., ANADARKO PETROLEUM CORP., B.S.C., BP AMERICA, INC., GENERAL ELECTRIC COMPANY, HALLIBURTON COMPANY, PFIZER INC., RAYTHEON COMPANY, SUEZ LNG NA LLC, TEXTRON INC., LOCKHEED MARTIN CORPORATION, NORTHROP GRUMMAN, BOEING COMPANY, ET AL.<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-4487 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon the motions of Defendants Amerada Hess Corp., Anadarko Petroleum Corp., B.S.C., BP America, Inc., General Electric Company, Halliburton Company, Pfizer Inc., Raytheon Company, SUEZ LNG NA LLC, Textron Inc. ("Corporate Defendants"), Lockheed Martin Corporation, Northrop Grumman, and Boeing Company (collectively "Moving Defendants") for dismissal of the Second Amended Complaint

filed by *pro se* Plaintiff Boban Jovanovic[1] ("Plaintiff). Defendants move for dismissal pursuant to Fed. R. Civ. Pr. 12(b)(6). No oral argument was heard pursuant to Rule 78. For the reasons set forth below, Defendants' motions are **granted**.

## I. BACKGROUND

Plaintiff filed the Original Complaint in the instant action on September 14, 2005, asserting a lengthy list of tort and other claims against more than twenty-five defendants. Plaintiff seeks damages and injunctive and declaratory relief. On December 30, 2005, Plaintiff filed a Second Amended Complaint ("SAC") alleging three additional claims for relief.[2] Corporate Defendants filed a motion to dismiss Plaintiff's Complaint on February 10, 2006. Lockheed Martin joined the Corporate Defendants' motion to dismiss. Northrop Grumman also filed a motion to dismiss on February 10, 2006. Boeing Company filed a motion to dismiss on February 27, 2006. On March 27, 2006, Plaintiff filed opposition to all Defendants' motions. In Opinions issued April 27, 2006 and April 28, 2006, this Court granted motions to dismiss filed by other Defendants in this action, including Defendants US-Algeria Business Council, Mr. Jim Bailey, Dr. Ismael Chikhoune, Mr. Lamine Djilani, Ms. Elizabeth Lord Stuart, Arab Banking Corporation, Burlington Resources, Inc., Gulf Keystone Petroleum, Donald Wilhelm, Peggy

---

[1] In an Opinion dated April 27, 2006, this Court dismissed all claims alleged by Corporate Plaintiffs Genesis International and International Infrastructure Consortium as they were not represented by counsel and therefore their claims were not properly before this Court. As such, this Opinion will address Defendants' motions as they relate to remaining Plaintiff Jovanovic's claims.

[2] Plaintiff asserts the following claims in his Second Amended Complaint: "1) Intentional Inducement of a Breach of Contract and Conspiracy to intentionally induce a Breach of Contract 2) Tortuous [Sic] Interference with Business Relations and Tortuous [Sic] Interference with Prospective Economic Advantage and Conspiracy to Tortuously [Sic] Interfere with Prospective Economic Advantage 3) Tortuous [Sic] Interference with Contractual Relations and Conspiracy to Tortuously [Sic] Interfere with Contractual Relations 4) Libel, Slander and Defamation and Conspiracy to Libel, Slander and Defame, 5) Intentional Infliction of Emotional Distress and Conspiracy to Inflict Emotional Distress, 6) Anti-Trust through Boycott, Refusal to Deal, Monopoly of Relevant Market, Refusal of Access to Essential Facility and Through Conspiracy to Boycott, Conspiracy to Refuse to Deal, Conspiracy to Monopolize Relevant Market, and Conspiracy to Refuse Access to Essential Facility, 7) Fraud, Misrepresentation and Deceit and Conspiracy to Defraud and Conspiracy to Misrepresent Truth and Conspiracy to Deceit, 8) Extortion and Attempted Extortion, 9) Breach of Fiduciary Duty, and 10) Injunctive and Declaratory Relief."

Hewinson and Ali Jazairy.

Plaintiff's claims center around a September 14, 2004 letter and September 15, 2004, email and/or fax. Plaintiff alleges that in September 2004, Donald Wilhelm, Vice President of Northrop Grumman Company and Chairman of the US-Algeria Business Council ("US-ABC") wrote an offending letter to Plaintiff. (SAC ¶163.) The offending letter requested that Genesis International, a company owned by Plaintiff, voluntarily withdraw from the US-ABC on the grounds that Genesis "w[as] inappropriately claiming some manner of affiliation with certain individuals and certain entities and [that] Genesis had an uneven history while [sic] paying its financial obligations." (SAC ¶164.) The SAC further alleges that this letter was a part of a conspiracy on the part of all Defendants. (SAC ¶168.) Plaintiff alleges that as a response to receiving a copy of the letter, the Minister of Public Works for Algeria terminated a prior "agreement" that it had with Genesis or International Infrastructure Consortium, another company owed by Plaintiff, to develop a transportation project in Algeria. (SAC ¶190-96, 215.) Plaintiff also alleges that upon Plaintiff himself informing the Abidjan government of his situation, the Abidjan government put a planned "Urban Train Project" with Plaintiff on hold. (SAC ¶199-201).

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit

Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, a court should dismiss the case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it."  Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D.Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D.Pa.1981); Brown v. Califano, 75 F.R.D. 497 (1977).

### III. DISCUSSION

The Moving Defendants contend this Court should dismiss Plaintiff's SAC on the grounds that it fails to allege any legally actionable behavior on the part of the Moving Defendants.  This Court agrees.

This Court interprets Plaintiff's *pro se* SAC to attempt to allege causes of action for conspiracy, tortious interference and intentional inducement, defamation, intentional infliction of emotional distress, an anti-trust claim for violation of the Sherman Act, fraudulent misrepresentation, extortion and breach of fiduciary duty.  However, Plaintiff's SAC is devoid of any factual allegations against the Moving Defendants except for the references made to the Moving Defendants in the section setting forth a description of the parties. (SAC ¶¶15, 16, 21.).

Nevertheless, Plaintiff seems to attempt to expand the scope of liability to the Moving Defendants by alleging that because of the use of the plural "we" and "us-our" in the offensive letter authored by Mr. Wilhelm, the author was "acting on behalf of and representing opinions and decisions of some or all US-ABC Council board and corporate members."  (SAC ¶172.).

The Court finds that, even applying the lenient pleading standard applicable to *pro se* plaintiffs, Plaintiff's SAC is insufficient to support any of his alleged causes of action against the Moving Defendants.³  Plaintiff makes nothing more than conclusory allegations and fails to allege any actual harm specifically directed at him by the Moving Defendants.  He does not offer any specific facts or allegations of any affirmative acts by any of the Moving Defendants other than their alleged "silence" after receiving the "offending letter." (SAC ¶173.)  That alone is not enough to support any of Plaintiff's causes of action, especially since according to Plaintiff's Complaint, the letter authored by Mr. Wilhelm was addressed to Genesis, a party previously dismissed from this action.  Pursuant to Fed. R. Civ. Pr. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Here, despite a sixty-page pleading, Plaintiff has failed to set forth any grounds upon which he is entitled to relief from the Moving Defendants.  As such, the Court finds that Plaintiff has failed to state a claim upon which any relief can be granted, and Plaintiff's SAC must be dismissed.

---

³The Court notes that despite Plaintiff's *pro se* status, he can not be altogether unfamiliar with the requirements of the court system, having been previously involved with more than twenty pro se lawsuits.  Three of these lawsuits were filed the District of New Jersey.  See Jovanovic v. Wilentz, Goldman & Spitzer, C.A. No. 95-21321, Slip. Op. (Bankr. D.N.J. May 5, 1998) (dismissing Complaint filed against twenty-two separate defendants and asserting forty-eight separate causes of action), aff'd, 263 F.3d 158 (3d. Cir. 2001); Jovanovic v. Swiss Airlines, 2004 WL 255657 (3d Cir. Jan 26, 2004); In re Bob Jovanovic, No. 97-CV-03067 (D.N.J.); cert. denied by No. 98-5112 (3d Cir. May 5, 1999).

## IV. CONCLUSION

Based on the foregoing, Defendants Amerada Hess Corp., Anadarko Petroleum Corp., B.S.C., BP America, Inc., Burlington Resources Inc., General Electric Company, Halliburton Company, Pfizer Inc., Raytheon Company, SUEZ LNG NA LLC, Textron Inc., Lockheed Martin Corporation, Northrop Grumman and Boeing Company's motions to dismiss Plaintiff's Second Amended Complaint are **granted**.  Because Plaintiff has already had three attempts to draft a sufficient complaint against Defendants, Plaintiff's Second Amended Complaint is dismissed with prejudice.  An appropriate Order accompanies this Opinion.


Date:       May 1, 2006                           S/   Dennis M. Cavanaugh
                                                  Dennis M. Cavanaugh, U.S.D.J.
Original:   Clerk's Office
cc:         All Counsel of Record