NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENESIS INTERNATIONAL HOLDINGS, INTERNATIONAL INFRASTRUCTURE CONSORTIUM and BOBAN JOVANOVIC<br><br>Plaintiffs,<br><br>v.<br><br>AMERADA HESS CORP., ANADARKO PETROLEUM CORP., B.S.C., BP AMERICA, INC., GENERAL ELECTRIC COMPANY, HALLIBURTON COMPANY, PFIZER INC., RAYTHEON COMPANY, SUEZ LNG NA LLC, TEXTRON INC., LOCKHEED MARTIN CORPORATION, NORTHROP GRUMMAN, BOEING COMPANY, ET AL.<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-4487 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the court upon the motion of *pro se* Plaintiff Boban Jovanovic ("Plaintiff") for reconsideration of the Court's April 27, 2006 Opinion and Order wherein the Court granted motions filed by Defendants US-Algeria Business Council, Mr. Jim Bailey, Dr. Ismael Chikhoune, Mr. Lamine Djilani, Ms. Elizabeth Lord Stuart, Arab Banking Corporation and Burlington Resources, Inc. to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and for reconsideration of the Court's May 1, 2006 Opinion and Order wherein it granted Defendant Gulf Keystone Petroleum, Ltd. ("Gulf Keystone") and Individual Defendants Donald

Wilhelm, Peggy Hewinson and Ali Jazairy ("Individual Defendants") motions for dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2).  For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

## I. BACKGROUND

Plaintiff filed an Original Complaint on September 14, 2005, asserting a lengthy list of tort and other claims against more than twenty-five defendants, seeking damages and injunctive and declaratory relief.  On December 20, 2005, Plaintiff filed a Second Amended Complaint ("SAC") alleging three additional claims for relief.  All Defendants filed motions to dismiss Plaintiff's SAC.  In Opinions and Orders issued April 27, 2006 and May 1, 2006, this Court granted Defendants' motions to dismiss on personal jurisdictional grounds.  On May 9, 2006, Plaintiff submitted the instant motion for reconsideration of the Court's April 27, 2006 and May 1, 2006 Opinion and Order.  All Defendants have filed opposition to Plaintiff's motion.

## II. DISCUSSION

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i).  That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i).  Such rule of law permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J. 1995).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp.

of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp 1311, 1314 (D.N.J. 1990).

The Court is quite cognizant of its obligation to hold pleadings drafted by a *pro se* litigant to a less exacting standard than those drafted by trained counsel, due to an understandable difference in legal sophistication.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, even giving Plaintiff the benefit of the most liberal construction of his papers that is possible, the Court finds that he has failed to meet the standards of Local Rule 7.1(i).  Plaintiff has not demonstrated to the Court that 1) an intervening change in the controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice.  Rather, Plaintiff merely disagrees with this Court's April 27, 2006 and May 1, 2006 rulings and reiterates the same arguments he made in his opposition papers to Defendants' motions to dismiss.  In sum, Plaintiff has not made any showing sufficient to meet the stringent requirements of Local Rule 7.1(i), and as such, Plaintiff's motion for reconsideration must be denied.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**.

| | | |
|---|---|---|
| Date: | July 20, 2006 | S/ Dennis M. Cavanaugh |
| | | Dennis M. Cavanaugh, U.S.D.J. |
| Original: | Clerk's Office | |