UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE<br>JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

<u>NOT FOR PUBLICATION</u>

November 17, 2008

<u>LETTER OPINION</u>

Emmanuel Abongwa, Esq.
111 Dunnell Road
Maplewood, NJ 07040

Hugh J. Marbury, Esq.
DLA Piper US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600

Robert A. Assuncao, Esq.
Morison, Ansa, Holden, Assuncao & Prough, LLP
Two Tower Center Blvd., Suite 1600
East Brunswick, NJ 08816-1100

  Re: <u>Jovanovic v. Northrop Grumman Corp., et al.</u>
    <u>Civil Action No. 05-4487 (DMC)</u>

Dear Counsel:

  Currently before the Court is Plaintiff's application for issuance of letters rogatory compelling the deposition of five witnesses in Algeria, including the President of Algeria, as well as the production of certain documents from the government of Algeria. The Court has considered the submissions made in support of and in opposition to the application. No oral argument was heard. See Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiff's application is **denied.**

<u>BACKGROUND</u>

  Plaintiff's original complaint, filed in September 2005, alleged ten claims against 26

Defendants, most of whom were board members of the US-Algeria Business Council, a trade association designed to promote commerce between businesses in Algeria and the United States. Because the Court writes solely for the parties, a familiarity with the underlying factual and procedural history of this action will be assumed and will not be repeated here except where necessary to provide context for the pending application. Suffice it to say that the sole claim remaining in this case is a defamation claim based on a letter written by Donald Wilhelm, Vice President of Northrop Grumman and Chairman of the US-Algeria Business Council, to Plaintiff in September 2004.

Discovery is scheduled to close on January 1, 2009, after having been extended for an additional ten months, at Plaintiff's request. See Docket Entry Nos. 86, 94, 102, 114. Dispositive motions are scheduled to be filed on or before February 1, 2009. In the interim, Plaintiff has asked the Court to issue letters rogatory to compel the deposition of five witnesses in Algeria, as well the production of certain documents from the Algerian government.

## ANALYSIS

Federal Rule of Civil Procedure 28(b)(2)(A) provides that a deposition may be taken in a foreign country pursuant to a letter rogatory "on appropriate terms after an application and notice of it." Fed. R. Civ. P. 28(b)(2)(A). "When it is necessary to seek evidence abroad . . . the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses." Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist. of Iowa, 482 U.S. 522, 546 (1987). Generally, "some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory." DBMS Consultants Ltd. v. Computer Assocs. Intern., Inc., 131 F.R.D. 367, 369 (D. Mass. 1990). The Court's determination in this regard is a

discretionary one.  See, e.g., United States v. Mason, No. 89-5675, 1990 WL 185894, at *2 (4th Cir. Nov. 29, 1990).

Plaintiff seeks to take the depositions of five foreign officials in Algeria, including its President.  In addition, Plaintiff requests the production of certain documents from the government of Algeria.  Such documents include, for example, the minutes of a January 2003 meeting between the Algerian Government Highway Commission and Genesis, and a copy of the President of Algeria's key note speech given in September 2003 during the US-ABC Dinner in New York City.  In support of his request, Plaintiff argues, generally, that "the information sought from the government of Algeria is important to plaintiff's proofs."  (Pl. Sept. 11, 2008 Letter).

As a preliminary matter, it is unclear whether Algeria is a signatory to the Hague Convention, and, therefore,  whether the Algerian courts would honor such request via letters rogatory. (Def. Oct. 30, 2008 Letter at 1, n. 1).  See, e.g., Bocquet v. Ouzid, 225 F. Supp. 2d 1337, 1348 (S.D. Fla. 2002) (noting that "Algeria is not a signatory to the [Hague] Convention."). Plaintiff's counsel does not address this issue.  Even assuming, arguendo, that the Algerian courts would honor such request via letters rogatory, Plaintiff has failed to demonstrate: (a) how the requested information relates to the sole claim remaining in this case, or (b) the basis on which he believes that such individuals possess sufficiently relevant information to warrant issuance of letters rogatory in this case.  Moreover, the parties have less than two months in which to complete discovery in this matter.  In light of such circumstances, and given the fact that letters rogatory can be "burdensome, costly, and time-consuming," Plaintiff's request for issuance of same is denied. Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren, 361 F.3d 11, 21 (1st Cir. 2004); see generally  Ilusorio v. Ilusorio-Bildner, 103 F. Supp.2d 672, 677 (S.D.N.Y. 2000) (finding that "use

3

of letters rogatory to obtain foreign witnesses' testimony would be a time consuming and prohibitively expensive means of obtaining discovery.").

## CONCLUSION

For the reasons set forth above, Plaintiff's application for issuance of letters rogatory is **denied.** An appropriate Order accompanies this Letter Opinion.

/s/ Mark Falk  
**MARK FALK**  
**United States Magistrate Judge**

cc:  Hon. Dennis M. Cavanaugh, U.S.D.J.  
     All Parties  
     File