NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| : | **Hon. Dennis M. Cavanaugh** |
| GENESIS INTERNATIONAL : | |
| HOLDINGS et al., : | **OPINION** |
| : | |
| Plaintiffs, : | Civil Action No. 05-CV-4487 (DMC) |
| : | |
| v. : | |
| : | |
| NORTHROP GRUMMAN CORP. et al., : | |
| : | |
| Defendants. : | |
| : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon cross-motions for summary judgment by Defendant Northrop Grumman ("Defendant," or "Northrop Grumman") and Plaintiff Boban Jovanovic ("Plaintiff," or "Jovanovic") pursuant to Fed. R. Civ. P. 56, and Defendant's motion to strike pursuant to Fed. R. Civ. P. 12(f). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, Defendant's motion for summary judgment is **granted**, Plaintiff's motion for summary judgment is **denied**, and Defendant's motion to strike is **denied** as moot.

## I.   BACKGROUND

This matter arises out of an allegedly defamatory letter sent to Plaintiff by Donald Wilhelm ("Wilhelm"), Vice-President of Northrop Grumman Co. and Chairman of the US-Algeria Business Council ("US-ABC"). The offending letter requested that Genesis International

("Genesis"), a company owned by Plaintiff, voluntarily withdraw from the US-ABC on the grounds that Genesis had "inappropriately claim[ed] some manner of affiliation with a number of individuals and entities that are or were members of the US-ABC," and that Genesis had an "uneven history" paying its financial obligations to the trade group.  The letter was sent via email to US-ABC Board members by Peggy Hewinson ("Hewinson"), a Northrop Grumman operations manager who performed administrative duties for Wilhelm.  Plaintiff alleges that the letter defamed him personally and resulted in the loss of contracts held by Genesis and International Infrastructure Consortium ("IIC") to develop certain projects in Algeria.

Plaintiff, along with Genesis and IIC, filed the Original Complaint in this action on September 14, 2005, asserting various tort and other claims against twenty-five defendants.  The Complaint was amended a week later, and a Second Amended Complaint was filed on December 30, 2005.  This Court dismissed the Second Amended Complaint in its entirety in three separate orders in April 2006.  Two of those orders dismissed claims against certain defendants for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and the third order dismissed the claims against the remaining defendants under Fed. R. Civ. P. 12(b)(6).  On appeal, the Third Circuit upheld the Court's dismissals of all claims except for Jovanovic's personal defamation claim against Northrop Grumman for vicarious liability based upon the actions of Wilhelm and Hewinson.  Currently before the Court are cross-motions for summary judgment based upon that claim, as well as Defendant's motion to strike affidavits and exhibits attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

2

II.    **S**TANDARD OF **R**EVIEW

      Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that no genuine issues of fact exist.  See id.  "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party."  Id.  The non-moving party "may not rely merely on allegations or denials in its own pleading" to satisfy this burden, but must instead produce sufficient evidence to support a jury verdict in its favor.  See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment."  See Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990).  "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences—including issues of credibility—in favor of the nonmoving party."  Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp. 2d 807, 815 (D.N.J. 2000).

III.    **D**ISCUSSION

      Before the Court are cross-motions by the parties for summary judgment on Plaintiff's personal defamation claim.  Defendant argues that the defamation claim should be dismissed

because: (1) Northrop Grumman did not participate in the research, drafting or distributing of the letter; (2) the letter did not contain any false statement of fact; (3) the allegedly defamatory statements did not personally concern or damage Jovanovic; (4) the letter is protected by the common interest privilege; and (5) the letter did not cause any damage.  Plaintiff responds by requesting summary judgment both on the merits and as a sanction for Defendant's alleged misconduct.  For the foregoing reasons, Defendant's summary judgment motion is granted, and Plaintiff's summary judgment motion is denied.  Additionally, Defendant's motion to strike is denied as moot.

A.      *Defendant's Summary Judgment Motion*

Plaintiff claims that the September 14 letter falsely stated that he misrepresented his and Genesis's affiliation with various persons and companies, and that Northrop Grumman is vicariously liable for the defamatory letter based upon the involvement of Wilhelm and Hewinson.  Parties raising a claim for defamation must demonstrate that: (1) defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; (5) with fault; and (6) which caused damage.[1]

---

[1]In its remand opinion, the Third Circuit directed this Court to determine the applicable law. Choice of law in a diversity case is governed by the rules of the forum state.  See Warriner v. Stanton, 475 F.3d 497, 499–500 (3d Cir. 2007).  New Jersey employs the "most significant relationship" test to choice-of-law questions, which requires, in the first instance, a determination of whether an actual conflict exists.  See Nafar v. Hollywood Tanning Sys., Inc., 2009 WL 2386666, *4 (3d Cir. 2009).  Here, it appears that the laws of New Jersey, Maryland and the District of Columbia are essentially the same concerning defamation and the defenses available.  See, e.g., Monroe v. Host Marriot Servs. Corp., 999 F. Supp. 599, 603 (D.N.J. 1998); Gohari v. Darvish, 767 A.2d 321, 327 (Md. 2001); Oparaugo v. Watts, 884 A.2d 63, 76 (D.C. 2005).  Accordingly, the Court will apply New Jersey law to Plaintiff's defamation claim.

See Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (3d Cir. 1998); Monroe v.

Host Marriot Servs. Corp., 999 F. Supp. 599, 603 (D.N.J. 1998).  Here, the parties do not dispute

that the language in the letter was capable of a defamatory meaning, but appear to disagree on

everything else.  In any event, because the Court finds that Northrop Grumman is not vicariously

liable and that the alleged defamatory letter was not "of and concerning" Plaintiff personally,

Plaintiff's defamation claim is dismissed as a matter of law.[2]

       The Court first finds that summary judgment is appropriate because Northrop Grumman

is not vicariously liable based upon the acts of Wilhelm and Hewinson.  An employer may be

held liable for intentional torts committed by its employees when the act is "within the scope of

their employment."  See Genesis Int'l Holdings v. Northrop Grumman Corp., 238 Fed. App'x

799, 802 (3d Cir. 2007) (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 563 A.2d 31,

47–48 (N.J. 1989)).  An employee is said to act within the scope of employment when the action

is "of the kind that the servant is employed to perform; it occurs substantially within the

authorized time and space limits; and it is actuated, at least in part, by a purpose to serve the

master."  See Printing Mart-Morristown, 563 A.2d at 47–48 (internal quotations omitted).

       Here, the only evidence presented to the Court demonstrates that Wilhelm and Hewinson

were acting solely at the behest of the US-ABC, and not within the scope of their employment at

Northrop Grumman.  Defendant presented evidence, for example, showing that the decision to

draft the letter was made by the US-ABC's Board of Directors at the September 2, 2004 meeting,

---

[2]Because summary judgment is appropriate based upon these grounds, the Court will not address
Defendant's remaining arguments.

that the letter was written on US-ABC letterhead, and that it was reviewed by US-ABC's counsel, James Bailey, prior to being signed by Wilhelm.  In response, Plaintiff offers only conclusory allegations that, for example, "Donald Wilhelm was serving and representing the interest of Northrop Grumman at US-ABC," and that the US-ABC Board "never authorized Northrop Grumman through its agent[s], Donald Wilhelm and Peggy Hewinson[,] to distribute the letter to anyone other than the President of Genesis."  When facing summary judgment, however, the non-moving party "may not rely merely on allegations or denials in its own pleading," but must instead produce sufficient evidence to support a jury verdict in its favor.  See Fed. R. Civ. P. 56(e); see also Matsushita, 475 U.S. at 586.  It is not enough for Plaintiff to raise unsupported allegations that simply because Northrop Grumman may have benefitted by the removal of Genesis from the US-ABC, it follows that Wilhelm and Hewinson were acting as Northrop Grumman employees.  Accordingly, because the only evidence presented to the Court demonstrates that Wilhelm and Hewinson acted in the interests of US-ABC and not Northrop Grumman, and because, in any event, Plaintiff provides no evidence showing that Wilhelm and Hewinson were acting within the scope of their employment at Northrop Grumman, the Court finds that Northrop Grumman may not be held vicariously liable for the September 14 letter, and summary judgment is appropriate on this basis alone.

Alternatively, the Court also finds that summary judgment is appropriate because the September 14 letter was not "of and concerning" Plaintiff in his personal capacity.  Plaintiff claims that it is "abundantly clear" from a "reasonable reading" of the September 14 letter that it was directed at both Genesis and himself personally based upon the statement: "we use the word

'inappropriate' because each of those named with whom we have consulted denies any business

or personal relationship with Genesis or with you as an individual." The Court disagrees.

Reviewing the September 14 letter as a whole, the Court finds that, even though it is addressed to

Plaintiff and contains multiple references to "you," it was nonetheless directed toward Genesis as

a company, not Plaintiff personally. For example, the letter is addressed to Plaintiff as

"President" of Genesis, and is sent to request that Genesis withdraw its membership in US-ABC

because Genesis's promotional materials made certain alleged misrepresentations. Under these

circumstances, it would appear that any cause of action would lie with the corporation, not

Plaintiff. Furthermore, while the letter notes that certain entities "den[y] any business or personal

relationship with Genesis or you as an individual," and that "[i]t is our conclusion that you have .

. . made significant representations," reviewing those statements in context makes plainly evident

that the letter's use of the term "you" is meant merely as a surrogate for the company. Indeed,

Defendant proffered substantial evidence demonstrating that the letter was in fact meant to

"disassociate [US-ABC] formally with the IIC and Genesis," and that the alleged

misrepresentations were solely those of Genesis in its promotional materials, not Plaintiff

personally.[3] In response, Plaintiff again failed to provide any evidence supporting his position,

relying instead on conclusory allegations, including, for example, that "there is absolutely no

question that the defamatory letter was concerning [Plaintiff] as an individual." As the Court has

---

[3]This construction is further supported by the last line of the letter, which notes that, "[a]ll of this is done in the context of an uneven history of your respect of the obligations you have, from time to time, undertaken with regard to payment of certain monies." Defendant produced evidence showing that this statement, despite being directed to "you," is in reference to membership monies owed by Genesis to the US-ABC, and that Plaintiff did not have any personal financial obligations to US-ABC.

already noted, however, the non-moving party "may not rely merely on allegations or denials in its own pleading" when facing summary judgment, but must instead produce sufficient evidence to support a jury verdict in its favor.  See Fed. R. Civ. P. 56(e); see also Matsushita, 475 U.S. at 586.  Plaintiff was thus required to adduce some evidence making it "appear that a third person understood the statements to relate to [him]."  See Printing Mart-Morristown, 563 A.2d at 46. Plaintiff offered no evidence, however, either by affidavit or otherwise, showing that a third party interpreted the letter to refer to him personally.  Accordingly, because the Court finds that the only reasonable reading of the September 14 letter is to construe it as concerning Genesis, not Plaintiff personally, and because, in any event, Plaintiff has offered no evidence to support a finding that third parties would have interpreted the letter as pertaining to him, the Court finds that summary judgment is appropriate on this basis as well.

      B.     *Plaintiff's Summary Judgment Motion*

      Plaintiff argues that summary judgment should be entered in his favor both on the merits and as a sanction for Northrop Grumman's alleged "fraud, spoliation and misconduct."  The Court disagrees.  As an initial matter, the Court notes that, per the above analysis, Plaintiff's summary judgment motion is moot because the Court has already dismissed Plaintiff's defamation claim on the merits.  With respect to Plaintiff's misconduct claim, however, the Court also disagrees.  Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  See Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd., 348 F. Supp. 2d 332, 335 (D.N.J. 2004).  Evidence of spoliation may give rise to sanctions, including: dismissal of a claim

8

or granting judgment in favor of a prejudiced party; suppression of evidence; an adverse

inference, referred to as the spoliation inference; fines; and attorneys' fees and costs.  See id.

The Court has the authority to impose spoliation sanctions pursuant to the Federal Rules of Civil

Procedure and this Court's inherent authority.  See id.

Plaintiff alleges that Defendant committed "fraud, spoliation of evidence and

misconduct" based upon three grounds: (1) Defendant allegedly concealed and altered the

originals of the underlying Genesis promotional materials given by Plaintiff to Wilhelm; (2)

Defendant concealed and withheld electronic disks containing emails by Wilhelm; and (3)

Defendant fabricated and altered the minutes from the US-ABC's Board meeting on September

2, 2004.  The Court disagrees.  First, Plaintiff provides scant evidentiary support for his

accusations of misconduct.  With respect to his claim that Defendant purposely withheld or

destroyed the original promotional materials, for example, the only proof offered by Plaintiff is

the statement by Defendant's counsel that he was "unable to locate any originals of [the]

documents."  Similarly, Plaintiff's claim that Defendant fabricated the minutes of the US-ABC

September 2, 2004 Board meeting appears to be based solely upon the testimony of US-ABC's

counsel Bailey that he did not draft the specific version of the September 2, 2004 board minutes

submitted by Defendant.[4]  The Court is unwilling to make the leap, however, of construing these

statements as evidence that Defendant purposefully destroyed, altered or fabricated the materials

---

[4]The Court notes, in any event, that the version of the Board's minutes characterized by Plaintiff as fraudulent appears to differ from Bailey's version only in the level of detail provided.  Both versions make clear, however, that the Board discussed the issue of Genesis's representations at the meeting, and that Wilhelm would write a letter to Genesis on the issue.

in question.  In any event, the Court finds that Plaintiff's allegations of misconduct are immaterial here because each of the alleged acts of misconduct relate to the falsity of the defamatory statement, whereas the Court has already found that summary judgment is appropriate based upon Defendant's non-involvement in the defamatory act and because the alleged defamation was not "of and concerning" Plaintiff.  Accordingly, because the Court finds that Plaintiff has not presented a sufficient basis to support his claims of misconduct, and because the Court finds that, even if true, the alleged misconduct would not prevent a finding that summary judgment in favor of the Defendant is appropriate, Plaintiff's request is denied.

        C.    *Defendant's Motion to Strike*

Finally, Defendant moves to strike certain affidavits and exhibits submitted by Plaintiff with his Opposition to Defendant's Motion for Summary Judgment.  Because the Court has already entered judgment in favor of the Defendant as a matter of law, however, Defendant's motion to strike is denied as moot.

**IV.**    **C**ONCLUSION

For the reasons stated, the Court finds that Defendant's motion for summary judgment is **granted**, Plaintiff's motion for summary judgment is **denied**, and Defendant's motion to strike is **denied** as moot.  An appropriate Order accompanies this Opinion.

                    S/ Dennis M. Cavanaugh
                    Dennis M. Cavanaugh, U.S.D.J.

Date:        August   20 , 2009
Orig.:       Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File