NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BOBAN JOVANOVIC,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHROP GRUMMAN CORP.,<br><br>    Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-4487 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for reconsideration by Plaintiff Boban Jovanovic ("Plaintiff," or "Jovanovic") of this Court's Opinion and Order, dated August 20, 2009, granting Defendant Northrop Grumman ("Defendant," or "Northrop Grumman") summary judgment pursuant to Fed. R. Civ. P. 56, and denying Plaintiff's cross-motion for summary judgment. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Plaintiff's motion for reconsideration is **denied**.

I.   **BACKGROUND**

This matter arises out of an allegedly defamatory letter sent to Plaintiff by Donald Wilhelm ("Wilhelm"), Vice-President of Northrop Grumman Co. and Chairman of the US-Algeria Business Council ("US-ABC"). The offending letter requested that Genesis International ("Genesis"), a company owned by Plaintiff, voluntarily withdraw from the US-ABC on the grounds that Genesis

had "inappropriately claim[ed] some manner of affiliation with a number of individuals and entities that are or were members of the US-ABC," and that Genesis had an "uneven history" paying its financial obligations to the trade group. The letter was sent via email to US-ABC Board members by Peggy Hewinson ("Hewinson"), a Northrop Grumman operations manager who performed administrative duties for Wilhelm. Plaintiff alleges that the letter defamed him personally and resulted in the loss of contracts held by Genesis and International Infrastructure Consortium ("IIC") to develop certain projects in Algeria.

Plaintiff, along with Genesis and IIC, filed the Original Complaint in this action on September 14, 2005, asserting various tort and other claims against twenty-five Defendants. The Complaint was amended a week later, and a Second Amended Complaint was filed on December 30, 2005. This Court dismissed the Second Amended Complaint in its entirety in three separate orders in April 2006. Two of those orders dismissed claims against certain Defendants for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and the third order dismissed the claims against the remaining Defendants under Fed. R. Civ. P. 12(b)(6). On appeal, the Third Circuit Court of Appeals upheld the dismissal of all claims with the exception for Jovanovic's personal defamation claim against Northrop Grumman for vicarious liability based upon the actions of Wilhelm and Hewinson.

In this Court's Opinion and Order, dated August 20, 2009, the Court concluded that "because the Court finds that Northrop Grumman is not vicariously liable and that the alleged defamatory letter was not 'of and concerning' Plaintiff personally, Plaintiff's defamation claim is dismissed as a matter of law." Consistent with that Opinion and Order, Defendants' motion for summary judgment was granted and Plaintiff's cross-motion for summary judgment was denied. Plaintiff now

moves to reconsider that decision.

**II.    STANDARD OF REVIEW**

A motion for reconsideration is governed by Local Civil Rule 7.1(I). Reconsideration is an "extraordinary remedy" and is granted "very sparingly." N.L. Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). A motion for reconsideration will be granted only if: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact, or prevent manifest injustice." Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). If a party simply disagrees with a court's decision, the appropriate avenue to address that disagreement is "through the appellate process not a motion for reconsideration." Database Am., Inc., 825 F. Supp. at 1220.

**III.   DISCUSSION**

A. Vicarious Liability

Plaintiff contends "that the Court overlooked significant facts in the record and misapplied both Third Circuit as well as New Jersey case law, in deciding that Mr. Donald Wilhelm and Ms. Peggy Hewinson were not acting within the scope of their employment with the Defendant, when they drafted and distributed the defamatory September 14, 2004 letter." By contrast, Defendant asserts that Plaintiff's argument disregards the fact that in drafting and distributing the letter Wilhelm was operating in his capacity as Chairman to the US-ABC, not as vice-president to Northrop Grumman.

An employer may be held liable for intentional torts committed by its employees when the act is "within the scope of their employment." See Genesis Int'l Holdings v. Northrop Grumman

Corp., 238 Fed. App'x 799, 802 (3d Cir. 2007) (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 563 A.2d 31, 47–48 (N.J. 1989)).  An employee is said to act within the scope of employment when the action is "of the kind that the servant is employed to perform; it occurs substantially within the authorized time and space limits; and it is actuated, at least in part, by a purpose to serve the master."  See Printing Mart-Morristown, 563 A.2d at 47–48 (internal quotations omitted).

In determining that Northrop Grumman was not vicariously liable based on the acts of Wilhelm and Hewinson, this Court reasoned that "the only evidence presented to the Court demonstrates that Wilhelm and Hewinson were acting solely at the behest of the US-ABC, and not within the scope of their employment at Northrop Grumman."  Plaintiff alleges that because Mr. Wilhelm operated in a representative capacity for Northrop Grumman with respect to the US-ABC, was not individually a member of the US-ABC himself and  because the purpose of the US-ABC was to advance business interests in Algeria, Wilhelm was acting on behalf of Northrop Grumman, rather than US-ABC in publishing the allegedly defamatory letter.  To the contrary, the fact that "the decision to draft the letter was made by the US-ABC's Board of Directors at the September 2, 2004 meeting, that the letter was written on US-ABC letterhead, and that it was reviewed by US-ABC's counsel, James Bailey, prior to being signed by Wilhelm," identifying himself in his capacity as Chairman, US-Algeria Business Council in that letter, demonstrates that Wilhelm was not operating within the scope of his employment for Northrop Grumman in issuing the September 14, 2004 letter.  Further, Plaintiff argues that the medium of communication employed by Hewinson and Wilhelm in disseminating the message was owned by Northrop Grumman raising a rebuttable presumption that the communication advanced was within the scope of employment.  However, any such implication is directly contradicted by the fact that the allegedly defamatory statement is on US-ABC

4

letterhead and by the fact that the signature attached explicitly identifies Wilhelm as making the communication in his capacity as Chairman of the US-ABC.

Moreover, in the role of vice-president for Northrop Grumman, no authority was conferred upon Wilhelm to make representations on behalf of the US-ABC or to exercise any purported authority of expulsion. To the extent that Wilhelm was vested with any such authority, it only arises pursuant to and consistent with Wilhelm's role as Chairman to the US-ABC. Further, to the extent that Wilhelm's conduct as an agent may be imputed to an employer entity, the appropriate master is US-ABC, not Northrop Grumman. However, pursuant to this Court's Order, dated April 27, 2006, US-ABC was dismissed from the present action for lack of personal jurisdiction.[1] [2] Therefore, Northrop Grumman may not be held vicariously liable.

    B.    "Of or Concerning" the Plaintiff

In the alternative, the Court granted summary judgment on the independent ground "that the only reasonable reading of the September 14 letter is to construe it as concerning Genesis, not Plaintiff personally, and because, in any event, Plaintiff has offered no evidence to support a finding that third parties would have interpreted the letter as pertaining to him." "Parties raising a claim for

---

[1] The same analysis applies with respect to Hewinson who was neither an employee nor a member of US-ABC. Although Hewinson is a mere agent of Wilhelm, to the extent that Hewinson may be characterized as engaging in the alleged defamation, such conduct was outside the scope of her employment. Therefore, Northrop Grumman may not be held vicariously liable for the alleged defamation.

[2] Although the argument presented concerning the "dual purpose" rule does not appear to have been submitted in Plaintiff's original cross-motion for summary judgment, for purposes of inclusion, Plaintiff has not presented the Court with any case law applying the dual purpose rule outside the context of an automobile accident where an employee is operating an employer automobile. Even if the Court were to entertain the argument that the dual purpose rule may be applied in the instant matter, the dual purpose rule concerns the vicarious liability of a principal where conduct by the agent is not only in furtherance of the principal, but also in furtherance of the agent's private, personal affairs and causes damage to another. The purported principal in this case is Northrop Grumman and the alleged conduct does not concern a private or personal affair of the agent Wilhelm. Therefore, the principal not presented by Plaintiff in the original motion for summary judgment, but allegedly overlooked by the Court is inapplicable to the instant matter.

defamation must demonstrate that: (1) defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; (5) with fault; and (6) which caused damage.  See Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (3d Cir. 1998); Monroe v. Host Marriot Servs. Corp., 999 F. Supp. 599, 603 (D.N.J. 1998).  "An essential ingredient of a libel is that it must be 'of and concerning' the plaintiff so that a third person could understand the communication to relate to said plaintiff."  Scelfo v. Rutgers University, 116 N.J. Super. 403, 448 (N.J. Ct. Law Div. 1971) (citing Gnapinsky v. Goldyn, 23 N.J. 243 (1957)). "In balancing the societal interest in free speech and press against the individual interest in reputation, courts have chosen not to limit the former except to prevent injury from defamatory statements reasonably susceptible of a *definite* application to a *particular* individual." Id. (citing Rosenblatt v. Baer, 383 U.S. 75, 86 (1966)).

As previously determined by this Court, the content and context of the letter permit only one reasonable, objective interpretation, namely that the word "you" is a surrogate for Genesis despite the fact that the letter is addressed to Plaintiff in Plaintiff's capacity as President of Genesis. Plaintiff contends that the Court failed to consider the circumstances surrounding the decision to draft the allegedly defamatory letter, and further, that those circumstances in conjunction with the letter present an issue of fact.  Plaintiff is misguided.  It is the defamatory communication or libelous statement that must be considered to project an objective interpretation that it is "of and concerning the plaintiff" or that it is reasonably susceptible of a definite application to a particular individual. As articulated in this Court's previous Opinion, that is not the case in the instant matter.

Plaintiff, as the former president, majority shareholder and spokesman for Genesis, also contends that even if the Court concludes that the letter is really about Genesis, and not Plaintiff,

consistent with the Schiavone Constr. Co. v. Time, Inc., Plaintiff can recover damages for personal defamation as a result of defamation to a corporation. 619 F. Supp. 684 (D.N.J. 1985). By contrast, Defendant contends that the clear weight of authority demonstrates that "a cause of action for personal damages does not arise for a corporate officer or agent even where a communication addressed to him defames the corporation." See United States Steel Corp. v. Darby, 516 F.2d 961, 964 n.4 (5th Cir. 1975); McMillen v. Arthritis Foundation, 432 F. Supp. 430 (S.D.N.Y. 1977).

The Court concludes that the Schiavone case is distinguishable. In that case, the named Plaintiff, Ronald A. Schiavone, and corporate entity, Schiavone Construction Company, were considered synonymous with one another such that defamatory allegations concerning one would automatically be imputed to the other. That is, the named Plaintiff and corporate entity were considered indistinguishable from one another where the mere term or word Schiavone was identified or used. No representation whatsoever has been made that Genesis is synonymous with Jovanovic. Therefore, summary judgment was appropriate and although this argument was not presented in Plaintiff's original papers pursuant to the motion for summary judgment, the outcome is the same.[3]

---

[3] In reconsidering the Court's previous Opinion and Order granting summary judgment to Defendants, the Court concludes that it is not necessary to reach Plaintiff's arguments on cross-motion for summary judgment.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reconsider this Court's previous Opinion and Order, dated August 20, 2009, granting summary judgment on two independent grounds is **denied.** An appropriate Order accompanies this Opinion.


|  |  |
|---|---|
|  | S/ Dennis M. Cavanaugh |
| Dated:     April  22 , 2010 | Dennis M. Cavanaugh, U.S.D.J. |
| cc:          All Counsel of Record |  |
|               Hon. Mark Falk, U.S.M.J. |  |
|               File |  |